IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

      Plaintiff,

      vs.

BRYAN CRUZ and ALEKSANDR V. VILCHITSA,

      Defendants.

NO. 2:11-CR-0423-GGH

<u>ORDER</u>

Before the court is defendant Aleksandr Vilchitsa's ("Vilchitsa") motion for severance from co-defendant Bryan Cruz ("Cruz"), noticed for hearing on December 19, 2011. (Dkt. No. 14.) The United States does not oppose the motion and requests that the court set a separate jury trial for Vilchitsa on March 19, 2012. (Dkt. No. 15.) The court finds that oral argument will not be of material assistance and therefore decides the motion on the papers submitted.

"The Sixth Amendment's Confrontation Clause provides that, '[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him.'" <u>Crawford v. Washington</u>, 541 U.S. 36, 42 (2004). "A witness's testimony against a defendant is thus inadmissible unless the witness appears at trial or, if the witness is unavailable,

1

1 the defendant had a prior opportunity for cross-examination." Melendez-Diaz v. Massachusetts,
2 129 S. Ct. 2527, 2531 (2009). "In Bruton v. United States, 391 U.S. 123, 88 S. Ct. 1620, 20 L.
3 Ed. 2d 476 (1968), the Court ruled that a defendant is deprived of his Sixth Amendment right of
4 confrontation when a facially incriminating confession of a nontestifying codefendant is
5 introduced at their joint trial, even if the jury is instructed to consider the confession only against
6 the codefendant." U.S. v. Peterson, 140 F.3d 819, 821 (9th Cir. 1998) (citing Bruton, 391 U.S. at
7 126).

8   Having reviewed the papers in support of the motion, the court concludes that Vilchitsa has shown sufficient grounds for a severance from co-defendant Cruz. In this case, Vilchitsa was allegedly hired by Cruz to perform construction projects at Cruz's cabin in the Eldorado National Forest. The charges in this case pertain to some of the allegedly unlawful construction work discovered by the U.S. Forest Service. Subsequent to this discovery, Cruz apparently made various statements to federal agents suggesting that the construction projects were conducted without his permission and outside Vilchitsa's authority as a hired contractor. Vilchitsa points out that these statements by Cruz, which clearly attempt to shift the blame to Vilchitsa, will likely be introduced at trial. Under such circumstances, the Confrontation Clause requires that Vilchitsa be provided the opportunity to cross-examine Cruz regarding the statements, which cannot happen at a joint trial. Thus, severance and a separate trial for Vilchitsa is required.

\\\\\
\\\\\
\\\\\
\\\\\
\\\\\
\\\\\
\\\\\

1  Accordingly, IT IS ORDERED that:

2  1. The December 19, 2011 hearing on Vilchitsa's motion is vacated.

3  2. Vilchitsa's motion for severance from co-defendant Cruz (dkt. no. 14) is granted.

5  3. This matter is set for a separate jury trial on March 19, 2012 at 9:00 a.m.

DATED: December 15, 2011

    /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH/wvr
Vilchitsa.423.cr.sever.wpd